UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN PENA HINOJOSA,      CASE NO.:

  Plaintiff,

v.

GEICO INDEMNITY COMPANY,
a Foreign Corporation,

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, JUAN PENA HINOJOSA, ("Plaintiff" or "Mr. Hinojosa"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") seeking recovery from GEICO INDEMNITY COMPANY ("GEICO" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Pena Hinojosa is an adult individual.

2.      Defendant is a foreign corporation that is located and does business in Lake County, Florida, and is therefore within the jurisdiction of this Court.

3.      This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

4.      This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 2000gg and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

5.      At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Lake County, Florida.

6.      Plaintiff worked for Defendant in Polk County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

7.      At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.    At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9.    Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

a.  Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

b.  Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

10.    Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

**CONDITIONS PRECEDENT**

11.    On or around January 02, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12.     More than 180 days have passed since the filing of the Charge of Discrimination.

13.     On or around , the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

14.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

15.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.     Mr. Pena Hinojosa worked as a Bilingual Claims Specialist II- ADE for Geico from September 1, 2021, until his termination on July 23, 2024.

17.     During his tenure, Mr. Hinojosa was an excellent employee, who had no significant history of non-ADA/FMLA/FCRA related attendance, performance, or disciplinary issues.

18.     Unfortunately, Mr. Hinojosa suffers from a debilitative lower back issue, which is considered a "protected disability" under the ADA/FCRA, and due

to the continuing and regular nature of the treatment, it's considered a "serious health condition" under the FMLA, as well.

19.     Since 2023, Mr. Hinojosa has been suffering from debilitating lower back pain.

20.     After several medical consultations, Mr. Hinojosa was referred to a pain specialist, who applied steroids directly onto Mr. Hinojosa's intervertebral discs.

21.     Mr. Hinojosa was also prescribed medication that causes drowsiness.

22.     Due to the medication, Mr. Hinojosa's doctors recommended that he avoid driving long distances, and make sure to stretch his back every 15 minutes, approximately.

23.     Unfortunately, Mr. Hinojosa lives in Minneola, Florida, which is 62 miles away from Geico's office in Lakeland, Florida.

24.     In or around February 2024, Mr. Hinojosa advised Defendant of his doctor's medical recommendation, need for regular medical treatment, and requested the reasonable, non-burdensome request of working from home for a period due to this medical diagnosis and the risks posed by Mr. Hinojosa's long drive.

25.     GEICO denied Mr. Hinojosa's request.

26.     Subsequently, Mr. Hinojosa was referred to a neurosurgeon by the pain specialist.

27.    The neurosurgeon suggested surgery on a couple of intervertebral discs.

28.    The surgery was scheduled for August 12, 2024, and Mr. Hinojosa notified Defendant of same.

29.    On June 10, 2024, after utilizing his available PTO, floating holidays, and sick time, Mr. Hinojosa submitted a request for protected leave under the FMLA.

30.    On June 25, 2024, the request for FMLA leave was approved.

31.    The following day, on June 26, 2024, Mr. Hinojosa submitted a separate request for accommodation to work from home for a period after the surgery scheduled for August 12th.

32.    On July 10, 2024, Mr. Hinojosa received an amended approval for FMLA leave, however, Defendant denied his request for a work from home accommodation, despite being slated for surgery.

33.    Within weeks, on July 23, 2024, Geico informed Mr. Hinojosa that Geico had decided to terminate his employment, effective immediately.

34.    It is clear that GEICO retaliated against Mr. Pena Hinojosa based on his serious health condition, him utilizing or attempting to utilize FMLA leave, his disabilities, and for requesting reasonable accommodation.

35.    Any other "reason" theorized after the fact by GEICO for its termination of Ms. Pena Hinojosa's employment is pure pretext.

36.     Defendant did not have a legitimate, non-retaliatory, non-discriminatory reason, for its actions.

37.     GEICO's adverse employment actions recounted herein were taken in interference with, and retaliation for, Ms. Pena Hinojosa disclosing his serious health condition and for taking protected FMLA leave.

38.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

39.     The timing of Plaintiff's disclosure of his serious health condition and his use of protected FMLA leave and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

40.     Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

41.     Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job as a Bilingual Claims Specialist.

42.     In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and request for accommodation under the ADA/FCRA.

43.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

44.    The timing of Plaintiff's termination makes the causal connection between his use of reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

45.    Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

46.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

47.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

48.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 8, 16 through 40, and 46 through 47, above.

49.    At all times relevant hereto, Plaintiff was protected by the FMLA.

50.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

51.     At all times relevant hereto, Defendant interfered with Plaintiff by discouraging him use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after his return from FMLA leave.

52.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

53.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

54.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 8, 16 through 40, and 46 through 47, above.

55.     At all times relevant hereto, Plaintiff was protected by the FMLA.

56.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

57.    At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

58.    Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his serious health condition and his use or attempted use of leave pursuant to the FMLA.

59.    As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60.    As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

61.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9 through 36, and 41 through 47 above.

62.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

63.     The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

64.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

65.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

66.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

67.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

his costs and attorneys' fees, declaratory and injunctive relief, and such other and

further relief as is deemed proper by this Court.

## COUNT II
## DISABILITY DISCRIMINATION UNDER
## THE FLORIDA CIVIL RIGHTS ACT

68.    Plaintiff reincorporates and readopts all allegations contained within

Paragraphs 1 through 2, 4 through 6, 9 through 36, and 41 through 47 above.

69.    The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against disability discrimination under the FCRA, Chapter

760, Florida Statutes.

70.    The discrimination to which Plaintiff was subjected was based on his

disability/handicap, or "perceived disability."

71.    The conduct of Defendant and its agents and employees proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

72.    The conduct of Defendant was so willful, wanton, and in reckless

disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive

damages against Defendant, to deter it, and others, from such conduct in the future.

73.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

74.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

75.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9 through 36, and 41 through 47 above.

76.     Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and/or his request for/utilization of reasonable accommodation.

77.     Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the ADA.

78.    Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and/or his request for reasonable accommodation.

79.    Plaintiff's protected activity, and his termination, are causally related.

80.    Defendant's stated reasons for Plaintiff's termination are a pretext.

81.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

83.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

84.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

85.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9 through 36, and 41 through 47 above.

86.    Plaintiff was terminated within close temporal proximity of his objections to disability discrimination and/or his request for reasonable accommodation.

87.    Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the FCRA.

88.    Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

89.    Plaintiff's protected activity, and his termination, are causally related.

90.    Defendant's stated reasons for Plaintiff's termination are a pretext.

91.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

93.    Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

94.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

*(Remainder of page left intentionally blank)*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of November 2025.

Respectfully Submitted,

**/s/ Andres Kroboth__**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com
E-Mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*